■ JACQUELINE A. BESWICK, Plaintiff, v PAUL M. BESWICK, Defendant. ARLEEN LEWIS, Nonparty Appellant. [722 NYS2d 171] —In a matrimonial action in which the parties were divorced by a judgment dated July 15, 1986, Arleen Lewis, attorney for the defendant, appeals from an order of the Supreme Court, Nassau County (Stack, J.), dated June 22, 2000, which, upon a

prior order of the same court, dated June 1, 2000, *inter alia*, denying the defendant's motion, among other things, to terminate his maintenance objections and directing, *sua sponte*, a hearing to determine whether the motion was frivolous within the meaning of 22 NYCRR 130-1.1, and after a hearing, directed her to pay a sanction of $250 to the Lawyers' Fund for Client Protection.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The Supreme Court properly imposed a sanction against the appellant, who was the attorney representing the defendant on the underlying motion, *inter alia*, to terminate his maintenance obligations. The motion was frivolous within the meaning of 22 NYCRR part 130, as it was "completely without merit in law and [could not] be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]). O'Brien, J. P., Krausman, Friedmann and Schmidt, JJ., concur.